**Thomas J. Cotton, Esq.**
SCHENCK, PRICE, SMITH & KING, LLP
220 Park Avenue, P.O. Box 991
Florham Park, New Jersey 07932-0991
(973) 539-1000
*Attorneys for Defendant,*
*Pro Custom Solar LLC d/b/a Momentum Solar*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS NIEMCZYK, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>PRO CUSTOM SOLAR LLC d/b/a MOMENTUM SOLAR,<br><br>Defendant. | CIVIL ACTION<br><br>No. 2:19-cv-7846<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Oral Argument Requested<br><br>Motion Date: September 16, 2019 |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ...........................................................................................1

FACTUAL ALLEGATIONS .................................................................................................2

LEGAL ARGUMENTS..........................................................................................................4

I.     PLAINTIFF FAILS TO STATE A CLAIM UNDER THE TCPA
AND HIS CLAIMS SHOULD BE DISMISSED IN THEIR ENTIRETY ......................4

    A.    Defendant is not directly liable for the call, because
Plaintiff now concedes that someone other than
Defendant initiated it..................................................................................5

    B.    Defendant is not vicariously liable for the call, because
Plaintiff fails to plead that the caller was acting as
Defendant's agent ......................................................................................6

        1.    Plaintiff fails to plead any non-conclusory facts
establishing that the initiating caller acted with
Defendant's actual authority ................................................6

        2.    Plaintiff fails to plead any non-conclusory facts
establishing that the initiating caller acted with
Defendant's apparent authority.............................................8

        3.    Plaintiff fails to plead any non-conclusory facts
establishing that the initiating caller is an agent
by way of ratification ...........................................................9

    C.    Plaintiff fails to plead that his caller, whoever it may be,
violated the TCPA....................................................................................10

II.    ASSUMING HIS CLAIMS ARE NOT ENTIRELY DISMISSED,
COUNT II MUST NEVERTHELESS BE DISMISSED BECAUSE
PLAINTIFF FAILS TO STATE A CLAIM FOR DNC VIOLATION..........................12

III.   GIVEN THAT PLAINTIFF HAS ALREADY HAD THREE
OPPORTUNITIES TO PLEAD A TCPA CLAIM, ANY DISMISSAL
ORDER SHOULD BE GRANTED WITH PREJUDICE .............................................13

CONCLUSION......................................................................................................................14

# TABLE OF AUTHORITIES

**Cases**

Abramson v. 1 Glob. Capital, LLC, No. 15-cv-61373, 2015 U.S. Dist.
LEXIS 181721, at *3 (S.D. Fla. Sept. 23, 2015) ................................................... 6

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ............................................................. 4

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, 570 (2007) ..................................... 4

Benzion v. Vivint, Inc., No. 12-cv-61826, 2014 U.S. Dist. LEXIS 187275,
at *16-17 (S.D. Fla. Jan. 17, 2014) .................................................................... 13

Boydston v. Asset Acceptance, LLC, 496 F. Supp. 2d 1101, 1110 (N.D. Cal. 2007) .................. 12

Broking v. Green Brook Buick GMC Suzuki, No. 15-1847, 2017 U.S. Dist.
LEXIS 134026, at *24-2, *25 (D.N.J. Aug. 22, 2017) ................................... 8, 9

Burdge v. Ass'n Health Care Mgmt., Inc., No. 1:20-cv-0100, 2011 U.S. Dist.
LEXIS 9879, at *10 (S.D. Ohio Feb. 2, 2011) ................................................... 13

Canary v. Youngevity Int'l, Inc., No. 5:18-cv-3261, 2019 U.S. Dist. LEXIS
46429, at *23 (N.D. Cal. Mar. 20, 2019) ........................................................... 10

Childress v. Liberty Mut. Ins. Co., No. 17-cv-1051, 2018 U.S. Dist. LEXIS
167281, at *10-11 (D.N.M. Sept. 28, 2018) ........................................................ 7

Covington v. Int'l Ass'n of Approved Basketball Officials, 710 F.3d 114,
120 (3d Cir. 2013) ............................................................................................ 6, 8

Cunningham v. Capital Advance Sols., LLC, No. 17-cv-13050, 2018 U.S.
Dist. LEXIS 197590, at *16, *17 (D.N.J. Nov. 20, 2018) ................................ 6, 9

Danehy v. Jaffe & Asher, LLP, No. 5:14-cv-60, 2015 U.S. Dist. LEXIS
32579, at *22 (Mar. 17, 2015) ........................................................................... 11

Dobkin v. Enter. Fin. Grp., Inc., No. 2:14-cv-1989, 2014 U.S. Dist.
LEXIS 123317, at *6-9 (D.N.J. Sept. 3, 2014) .................................................... 5

Gager v. Dell Fin. Servs., LLC, 727 F.3d 265, 273 (3d Cir. 2013) ......................... 13

Gonzalez v. Ocwen Loan Servicing, LLC, 5:18-cv-0340, 2018 U.S. Dist.
LEXIS 153480, at *22 (M.D. Fla. Sept. 5, 2018) .............................................. 12

Hazan v. Wells Fargo & Co., No. 18-cv-10228, 2019 U.S. Dist. LEXIS
72748, at *3-4 (D.N.J. Apr. 30, 2019) ............................................................... 11

Jackson v. Caribbean Cruise Line, Inc., 88 F. Supp. 3d 129, 138 (E.D.N.Y. 2015) ....................... 7

Jenkins v. Nat'l Grid USA, No. 15-cv-1219, 2017 U.S. Dist. LEXIS
  49365, at *21-22 (E.D.N.Y. Mar. 31, 2017) ............................................................................ 7

Jones v. Royal Admin. Servs., Inc., 887 F.3d 443, 450 (9th Cir. 2018) ........................................ 8

Klein v. Just Energy Grp., Inc., No. 14-cv-1050, 2016 U.S. Dist. LEXIS
  84447, at *38-40 (W.D. Pa. June 29, 2016) ............................................................................ 9

Kristensen v. Credit Payment Servs. Inc., 879 F.3d 1010, 1014 (9th Cir. 2018) ........................... 9

Levy v. Receivables Performance Mgmt., LLC, 972 F. Supp. 2d 409,
  417-18 (E.D.N.Y. 2013) ........................................................................................................ 13

Martin v. Allied Interstate, LLC, 192 F. Supp. 3d 1296, 1308-09 (S.D. Fla. 2016) ..................... 11

Meeks v. Buffalo Wild Wings, Inc., 2018 U.S. Dist. LEXIS 52328,
  No. 17-cv-7129, at *5 (N.D. Cal. Mar. 28, 2018) .................................................................... 6

Megatel Mobile, LLC v. Tracfone Wireless, Inc., No. 17-3837, 2018
  U.S. Dist. LEXIS 147315, at *4 (D.N.J. Aug. 29, 2018) ....................................................... 13

Montinola v. Synchrony Bank, No. 17-cv-8963, 2018 U.S. Dist. LEXIS
  146716 (D.N.J. Aug. 28, 2018) .............................................................................................. 11

Piscopo v. Public Serv. Elec. & Gas Co., No. 13-552, 2015 U.S. Dist.
  LEXIS 82982, at *17 (D.N.J. June 25, 2015) ........................................................................ 14

Smith v. Aitima Med. Equip., Inc., No. 16-0339, 2016 U.S. Dist. LEXIS
  113671, at *18 (C.D. Cal. July 29, 2016) .............................................................................. 11

Thomas v. Taco Bell Corp., 582 Fed. App'x 678, 679-80 (9th Cir. 2014 ................................ 8, 10

Thompson v. The Anthem Cos., No. 18-6676, 2019 U.S. Dist. LEXIS
  96872, at *5 (D.N.J. June 7, 2019) .......................................................................................... 4

Trenk v. Bank of Am., No. 17-cv-3472, 2017 U.S. Dist. LEXIS 143410
  (D.N.J. Aug. 28, 2017) ........................................................................................................... 11

Warciak v. Subway Rests., Inc., No. 1:16-cv-8694, 2019 U.S. Dist.
  LEXIS 32357, at *6 (N.D. Ill. Feb. 28, 2019) ......................................................................... 7

Worsham v. Travel Options, Inc., No. 14-2749, 2016 U.S. Dist.
  LEXIS 118774, at *18-19 (D. Md. Sept. 1, 2016) ................................................................. 12

**Statutes**

47 U.S.C. 227(a)(1) ................................................................................................................. 10, 12
47 U.S.C. 227(b)(1)(A)(iii) ............................................................................................................ 10

**Other Authorities**

In re Joint Petition Filed by Dish Network, LLC, 28 F.C.C. Rcd. 6574, 6582 (2013) ................... 5

Restatement (Third) of Agency § 4.01 ........................................................................................... 9

**Regulations**

47 C.F.R. 64.1200(d) ..................................................................................................................... 13

Defendant Pro Custom Solar LLC d/b/a Momentum Solar ("Defendant") respectfully submits this memorandum of law in support of its motion to dismiss the second amended complaint ("SAC") of plaintiff Thomas Niemczyk ("Plaintiff").

## PRELIMINARY STATEMENT

Plaintiff purports to bring a lawsuit under the Telephone Consumer Protection Act ("TCPA") yet fails to plead non-conclusory allegations that—even if accepted as true—would establish a TCPA claim.

*First*, there is no indication that Defendant initiated the purported phone call. Indeed Plaintiff now asserts, for the first time in the SAC, that someone else initiated the call. Plaintiff does not explain why he withheld the caller's identity in his first two pleadings—perhaps because the caller did not identify herself as affiliated with Defendant.

But that is not where the shortcomings in Plaintiff's theory ends. That is only where they begin.

*Second*, Plaintiff fails to establish that the initiating caller can bind Defendant to TCPA liability through a principal-agency relationship. Plaintiff does not allege facts showing actual authority, apparent authority, or ratification. Plaintiff does not show that Defendant controlled the manner and means of the call (actual authority), caused Plaintiff to reasonably believe he was speaking with a Defendant agent (apparent authority), or affirmatively approved of the caller's action within an already-existing agency relationship (ratification). Plaintiff's failure to plead those facts is Plaintiff's failure to establish agency liability.

*Third*, assuming Defendant either initiated the call or is otherwise the principal to the caller-agent, Plaintiff still fails to state a claim because Plaintiff still fails to plead a TCPA

violation. Plaintiff tersely concludes that Defendant made unlawful use of an automatic telephone dialing system ("ATDS"). Plaintiff provides no real facts to support his self-serving conclusion. That he now claims, in his pleading's third iteration, that there was a pause and some background noise after he picked up the phone does not a TCPA class action make. Courts throughout the country have considered those same allegations and reached the same outcome requested by Defendant's motion: dismissal.

*Fourth*, Plaintiff tosses in a procedural claim at the SAC's conclusion that—like his ATDS allegations—has been assessed by courts throughout the country. Plaintiff claims that Defendant failed to maintain internal do-not-call ("DNC") policies required by the FCC. Even if his claims are true, that failure does not give rise to a private right of action.

*Fifth*, given that Plaintiff has now failed on three occasions to properly plead TCPA claims, he should not be afforded another bite at the apple. The SAC should be dismissed <u>with prejudice</u>. If a cognizable TCPA claim existed, then Plaintiff would have put forth an acceptable initial complaint, first amended complaint, or second amended complaint. He has taken three swings and missed each time.

In sum, Plaintiff's SAC is the textbook example of a minimalistic pleading that fails to state a claim. Plaintiff is largely content with quoting the TCPA statute and the Rule 23 requirements. Plaintiff's SAC should therefore be dismissed.

## FACTUAL ALLEGATIONS

Plaintiff attempted to amend his faulty pleading to address numerous deficiencies cited in Defendant's prior motion to dismiss. Plaintiff addressed some of those deficiencies, insofar as

he abandoned certain claims and theories Defendant had cited as untenable.[1] Plaintiff nevertheless failed to address all of those deficiencies, and the SAC still fails to state a TCPA claim.

A significant portion of Plaintiff's SAC is dedicated to legal argument and general reference to the TCPA's legislative history. See SAC ¶ 7 (arguing that Congress enacted the TCPA "in response to a growing number of consumer complaints regarding certain telemarketing practices"). What follows below is a summary of the fact allegations actually germane to this litigation, which are accepted as true for the purposes of this motion.

On February 11, 2019, Plaintiff received a call on his cellular phone. SAC ¶ 23. Though Plaintiff concludes Defendant "initiated" the call, he immediately contradicts that same conclusion. In that same paragraph Plaintiff alleges the call was initiated by a Solar Eligibility Service representative named Lolis. Ibid. Lolis then transferred Plaintiff to Momentum. Ibid.

Plaintiff expressly limits his individual claim to this February 11, 2019 call: "Despite receiving multiple calls from [Defendant], through this Complaint Plaintiff only seeks damages related to the February 11, 2019 call." Id. at ¶ 39. Plaintiff provides no real facts regarding these prior calls, assuming he had sought to include them in this litigation.

Of curious note, Plaintiff concedes that he expressed interest in Defendant's services throughout 2018. Id. at ¶ 21. Plaintiff apparently laments that feigning interest may have caused Defendant to follow up with him. Nevertheless, Plaintiff does not cite these calls as the basis for his FAC Id. at ¶ 39.

---

[1] Plaintiff's SAC only raises two of the three counts originally included in his prior pleadings. Plaintiff no longer claims unlawful telemarketing to a residential line, apparently accepting Defendant's dismissal argument that he cannot claim both unlawful telemarketing to a residential line and unlawful telemarketing to a cellular phone. Plaintiff's SAC also abandons the theory that Defendant violated the TCPA through the use of a prerecorded voice.

**LEGAL ARGUMENTS**

A complaint can only survive pre-answer dismissal if it contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.'" Id. (quoting Twombly, 550 U.S. at 556).

"Sufficient factual matter" requires more than merely inserting a defendant's name alongside the claim's requisite elements. Id. "[T]he court is not required to accept as true 'legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" Thompson v. The Anthem Cos., No. 18-6676, 2019 U.S. Dist. LEXIS 96872, at *5 (D.N.J. June 7, 2019) (citing Iqbal, 556 U.S. at 678).

As set forth in greater detail below: (i) Plaintiff's claims should be dismissed in their entirety, given his failure to state a claim against Defendant for any TCPA violation; (ii) if Plaintiff's claims are not entirely tossed, then his second count should still be dismissed; and (iii) any dismissal should be granted with prejudice.

**I.    PLAINTIFF FAILS TO STATE A CLAIM UNDER THE TCPA AND HIS CLAIMS SHOULD BE DISMISSED IN THEIR ENTIRETY.**

Plaintiff fails to satisfy the Iqbal and Twombly pleading standards. He does not plead facts showing that Defendant initiated the subject calls; quite the opposite. He also does not plead facts showing that the caller was acting as Defendant's agent. Moreover, he does not plead facts showing—even if Defendant did initiate the call or was otherwise responsible via agency—that the call violated the TCPA.

### A. Defendant is not directly liable for the call, because Plaintiff now concedes that someone other than Defendant initiated it.

Plaintiff's first two pleadings attempted to sidestep proving directly liability, and his third now concedes that he cannot prove this theory. Though the TCPA holds parties liable who initiate violative telemarketing, that requires proving that the defendant physically placed the call. In re Joint Petition Filed by Dish Network, LLC, 28 F.C.C. Rcd. 6574, 6582 (2013). A "person or entity 'initiates' a telephone call when it takes the steps necessary to physically place a telephone call, and generally does not include persons or entities, such as third-party retailers, that might merely have some role, however minor, in the causal chain that results in the making of a telephone call." Id. at 6583.

Plaintiff does not plead that Defendant physically placed the call. Rather, he pleads that someone else (Lolis), calling on behalf of a different entity (Solar Eligibility Service), physically placed the call. Thus concludes Plaintiff's conclusory allegation that Defendant initiated it. See Dobkin v. Enter. Fin. Grp., Inc., No. 2:14-cv-1989, 2014 U.S. Dist. LEXIS 123317, at *6-9 (D.N.J. Sept. 3, 2014) (rejecting plaintiff's arguments that a defendant's heavy involvement in the telemarketing process equates to direct liability).

To the extent Plaintiff implies that Lolis is a Defendant employee, he does not allege any facts to substantiate this. Plaintiff does not allege what his CallerID indicated at the time he received the call. Though he summarizes the substance of that call, nothing in Plaintiff's summary suggests Lolis is a Defendant employee. Lolis claimed to be calling on behalf of an entirely different company. It would be anathema to common-sense marketing for an employee to reference a different organization during a marketing call.

That Plaintiff alleges Lolis transferred him to Defendant is the icing on the cake, the straw that breaks the camel's back, and the allegation that disproves his own theory. A

5

transferee is not a call's initiator. Indeed, as discussed below, merely being a transferee is insufficient to establish an agency relationship with the call's initiator.

### B. Defendant is not vicariously liable for the call, because Plaintiff fails to plead that the caller was acting as Defendant's agent.

Plaintiff fails to plead facts sufficient to raise, beyond a speculative level, that Defendant is vicariously liable for the alleged call. When a plaintiff seeks to establish vicarious liability under the TCPA, the plaintiff must rely upon common-law agency principles: actual authority, apparent authority, and ratification. Cunningham v. Capital Advance Sols., LLC, No. 17-cv-13050, 2018 U.S. Dist. LEXIS 197590, at *16 (D.N.J. Nov. 20, 2018).

Plaintiff must plead facts that, if proven true, would make Defendant liable for another party's TCPA violation. "[S]ufficient facts must be offered to support a reasonable inference that an agency relationship existed.'" Meeks v. Buffalo Wild Wings, Inc., 2018 U.S. Dist. LEXIS 52328, No. 17-cv-7129, at *5 (N.D. Cal. Mar. 28, 2018); Abramson v. 1 Glob. Capital, LLC, No. 15-cv-61373, 2015 U.S. Dist. LEXIS 181721, at *3 (S.D. Fla. Sept. 23, 2015) (dismissing vicarious-liability TCPA claim because the allegations "were conclusory in nature" and "merely stated, without legal support, that third parties were regularly utilized by telemarketers"). Plaintiffs' failure to do so is a failure to state a claim.

### 1. *Plaintiff fails to plead any non-conclusory facts establishing that the initiating caller acted with Defendant's actual authority.*

There is nothing in Plaintiff's SAC that suggests Defendant conferred actual authority upon Lolis or Solar Eligibility Service to act on its behalf. "An agent acts with actual authority when, at the time of taking action that has legal consequences for the principal, the agent reasonably believes, in accordance with the principal's manifestations to the agent, that the principal wishes the agent so to act." Covington v. Int'l Ass'n of Approved Basketball Officials, 710 F.3d 114, 120 (3d Cir. 2013).

6

Pleading actual authority for a TCPA claim requires pleading facts to show that the defendant controlled the manner and means of the agent's telemarketing. Warciak v. Subway Rests., Inc., No. 1:16-cv-8694, 2019 U.S. Dist. LEXIS 32357, at *6 (N.D. Ill. Feb. 28, 2019) (dismissing TCPA actual-authority claim because "[n]otably absent from the complaint [were] any facts alleging that [defendant] controlled the timing, content, or recipients of the text message").

Plaintiff does not allege that a contract existed between Defendant and the initiating caller.[2] He does not allege that Defendant identified the targeted recipients, authored the advertising scripts, set forth specific benchmarks, or dictated the use of certain technology. The absence of such allegations is fatal to Plaintiff's actual-authority theory. See Jenkins v. Nat'l Grid USA, No. 15-cv-1219, 2017 U.S. Dist. LEXIS 49365, at *21-22 (E.D.N.Y. Mar. 31, 2017) (pointing to the extensive, specific facts that must be alleged for an agency theory to survive pre-answer dismissal).

Even if inference is stacked atop inference, Plaintiff would still fail to plead facts sufficient for an apparent-authority claim. For example, Plaintiff alleges he received a call and was then (eventually) transferred to a Defendant employee. SAC ¶ 23. This fails to state an agency claim. See Childress v. Liberty Mut. Ins. Co., No. 17-cv-1051, 2018 U.S. Dist. LEXIS 167281, at *10-11 (D.N.M. Sept. 28, 2018) ("The transfer of the call, however, does not establish that Defendant exerted control over the initiator of the call, supervised or controlled the initial call, or maintained any sort of relationship with the initiator of the call, and thus is

---

[2] Had Plaintiff pled the existence of a contract, that still would not have sufficiently alleged the existence of an agency relationship within the realm of TCPA claims. Jackson v. Caribbean Cruise Line, Inc., 88 F. Supp. 3d 129, 138 (E.D.N.Y. 2015) ("[T]he existence of a contract between CCL and Adsource—even one that imposes certain constraints on Adsource—does not necessarily mean that CCL had the power to give 'interim instructions' to Adsource, the hallmark of an agency relationship.").

7

insufficient to establish an agency relationship between the transferor and Defendant.") (citing Jones v. Royal Admin. Servs., Inc., 887 F.3d 443, 450 (9th Cir. 2018)).

Aside from this legally immaterial transfer, Plaintiff muses that Lolis was Defendant's agent because Defendant secured an audio recording of the call. This musing is likewise legally immaterial. The law is clear on what must be alleged to establish agency; the expedient investigation of a TCPA claim ain't it. Plaintiff's theory is a Catch-22. A putative principal's investigation of agency allegations does not in turn manifest a principal-agent relationship.

### 2. *Plaintiff fails to plead any non-conclusory facts establishing that the initiating caller acted with Defendant's apparent authority.*

Plaintiff's alternative apparent-authority theory fares no better than his attempt to invoke direct authority. "Apparent authority arises in those situations where the principal causes persons with whom the agent deals to reasonably believe that the agent has authority despite the absence of an actual agency relationship." Covington, 710 F.3d at 120.

The communications giving rise to apparent authority must come from the purported principal if Plaintiff hopes to maintain his TCPA claim. Broking v. Green Brook Buick GMC Suzuki, No. 15-1847, 2017 U.S. Dist. LEXIS 134026, at *25 (D.N.J. Aug. 22, 2017) ("An agent's actions cannot establish apparent authority, however."); Thomas v. Taco Bell Corp., 582 Fed. App'x 678, 679-80 (9th Cir. 2014) (holding in a TCPA case that plaintiff's vicarious-liability claim fails because she "has not shown that she reasonably relied, much less to her detriment, on any apparent authority with which [the defendant] allegedly cloaked [the telemarketers]").

Plaintiff's SAC does not discuss any communications, whatsoever, between Plaintiff and Defendant that even suggest the initiating caller acted with Defendant's authority. All Plaintiff pleads is that Defendant passively received his already-initiated call via transfer. Plaintiff's

perceived, intangible familiarity between Defendant and Lolis does not align with apparent authority's requisite elements. Plaintiff therefore fails to plead that Defendant is liable for this call by way of apparent authority. See Broking, 2017 U.S. Dist. LEXIS 134026, at *24-25 (rejecting the plaintiff's apparent-authority theory due to the absence of any communications that could have manifest the reasonable belief an agency relationship existed).

> 3. *Plaintiff fails to plead any non-conclusory facts establishing that the initiating caller is an agent by way of ratification.*

Plaintiff's streak of failing to support his agency theory continues with his failure to sufficiently plead ratification. Ratification requires the complainant to allege facts showing that the principal manifested its assent to the caller's conduct, or engaged in conduct that justified a reasonable assumption of assent. Cunningham, 2018 U.S. Dist. LEXIS 197590, at *17 (citing Restatement (Third) of Agency § 4.01).

Plaintiff does not allege that Defendant assented to the conduct of the phantom caller. He also fails to allege any circumstantial facts indicating assent. For example, Plaintiff does not allege that Defendant accepted any benefits flowing from this call. Plaintiff would have struggled to raise such an allegation, because no benefits appear to have been available.

Plaintiff also does not allege that Defendant, assuming it had assented to the caller's conduct, did so with knowledge of same. "Even if a principal ratifies an agent's act, the principal is not bound by a ratification made without knowledge of material facts about the agent's act unless the principal chose to ratify with awareness that such knowledge was lacking." Kristensen v. Credit Payment Servs. Inc., 879 F.3d 1010, 1014 (9th Cir. 2018) (citing Restatement (Third) of Agency § 4.01); see also Klein v. Just Energy Grp., Inc., No. 14-cv-1050, 2016 U.S. Dist. LEXIS 84447, at *38-40 (W.D. Pa. June 29, 2016) (rejecting the plaintiff's ratification arguments due to a failure to show the defendant's knowing assent).

9

Moreover, Defendant can only be liable through ratification if Plaintiff first establishes that an agency relationship exists. Thomas, 582 Fed. App'x at 680. "[W]hen an actor is not an agent and does not purport to be one, the doctrine of ratification does not apply." Canary v. Youngevity Int'l, Inc., No. 5:18-cv-3261, 2019 U.S. Dist. LEXIS 46429, at *23 (N.D. Cal. Mar. 20, 2019) (internal quotations omitted). Plaintiff is unable to establish the existence of an agency relationship, for reasons expressed in greater detail within the preceding subsections, and therefore fails to establish this necessary element for ratification-based liability.

In sum, there are no agency-based theories available to Plaintiff given his failure to plead non-conclusory facts essential for proving same. Plaintiff thus fails to state a claim for vicarious liability.

C. **Plaintiff fails to plead that his caller, whoever it may be, violated the TCPA.**

Even if one assumes that Plaintiff's caller was either Defendant's agent or Defendant itself, Plaintiff still fails to plead a TCPA claim. The TCPA makes it unlawful for any person to "to make any call (other than a call made . . . with the prior express consent of the called party) using any automatic telephone dialing system . . . (iii) to any telephone number assigned to a . . . cellular telephone service. . . ." 47 U.S.C. 227(b)(1)(A)(iii). Plaintiff does not raise any non-conclusory allegations indicating that Defendant used an ATDS, therefore his SAC should be dismissed.[3]

The TCPA defines an ATDS as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. 227(a)(1).

---

[3] Plaintiff's first two pleadings alleged that Defendant unlawfully used a prerecorded voice, in addition to the unlawful use of an ATDS. Plaintiff's first two pleadings lacked even conclusory allegations to support that theory, which Defendant raised in a prior dismissal motion. Plaintiff has since abandoned that claim. The SAC makes no mention of it.

10

Terse, conclusory allegations of ATDS usage are insufficient. "Even though it may be difficult to plead the particulars of the alleged ATDS a defendant used, a plaintiff, nevertheless, must allege facts that would allow a court to plausibly infer that a defendant used an ATDS." Hazan v. Wells Fargo & Co., No. 18-cv-10228, 2019 U.S. Dist. LEXIS 72748, at *3-4 (D.N.J. Apr. 30, 2019).

Courts consistently grant motions to dismiss complaints alleging violations of the TCPA where the plaintiff has merely recited the statutory language and has failed to provide details supporting use of an ATDS. See Montinola v. Synchrony Bank, No. 17-cv-8963, 2018 U.S. Dist. LEXIS 146716 (D.N.J. Aug. 28, 2018) (granting dismissal motion due to the plaintiff's insufficient ATDS allegations); Trenk v. Bank of Am., No. 17-cv-3472, 2017 U.S. Dist. LEXIS 143410 (D.N.J. Aug. 28, 2017) (same).

Entrepreneurial TCPA claimants, such as Plaintiff, cannot slap lipstick on a pig by adorning their ATDS conclusions with vague assertions of "pauses" and "background noise." Plaintiff appears to believe these conclusion support his ATDS theory, which is why he offers them for the first time in this third version of his complaint. Courts across the country hold otherwise. See, e.g., Martin v. Allied Interstate, LLC, 192 F. Supp. 3d 1296, 1308-09 (S.D. Fla. 2016) ("Courts have routinely rejected similar claims by plaintiffs who try to maintain a TCPA claim on the belief that an ATDS was used based on 'clicks, 'delays,' or 'dead air' on the other end of the line."); Smith v. Aitima Med. Equip., Inc., No. 16-0339, 2016 U.S. Dist. LEXIS 113671, at *18 (C.D. Cal. July 29, 2016) ("One call and one pause, standing alone, do not take the claim of the use of an ATDS beyond the speculative level."); Danehy v. Jaffe & Asher, LLP, No. 5:14-cv-60, 2015 U.S. Dist. LEXIS 32579, at *22 (Mar. 17, 2015) (rejecting TCPA claim where plaintiff merely alleged "presence of 'hesitation' on the other end of the line").

11

It should be noted, Plaintiff's "pause" and "background noise" allegations—even if deemed non-conclusory—only satisfy half the ATDS definition. It is not enough to allege facts establishing that a call is dialed via machine. Plaintiff must have been selected at random, or in some sequential order (e.g., 973-123-4567, followed by 973-123-4568), by a machine capable of storing telephone numbers. "[A] device only qualifies as an ATDS under the TCPA if it has the present ability to generate random or sequential telephone numbers and dial them." Gonzalez v. Ocwen Loan Servicing, LLC, 5:18-cv-0340, 2018 U.S. Dist. LEXIS 153480, at *22 (M.D. Fla. Sept. 5, 2018).

As a final point, that Plaintiff claims his calls resulted from feigned interest in Defendant's services cuts against any ATDS inference. See 47 U.S.C. 227(a)(1) (defining ATDS as device that dials at random or sequentially). A party called because he expressed interest—however feigned—is not a party called via random or sequential cycling.

## II.   ASSUMING HIS CLAIMS ARE NOT ENTIRELY DISMISSED, COUNT II MUST NEVERTHELESS BE DISMISSED BECAUSE PLAINTIFF FAILS TO STATE A CLAIM FOR DNC VIOLATION.

Plaintiff's claim regarding DNC policies fails in both its execution and its foundation. Its execution is inadequate because Plaintiff's allegations are conclusory only. Its foundation is inadequate because it requires that Defendant initiated violative calls, yet Plaintiff fails to plead facts establishing Defendant initiated any calls.

First, several courts have recognized that the FCC's highly technical regulations governing DNC policies should not give rise to a private cause of action. See, e.g., Boydston v. Asset Acceptance, LLC, 496 F. Supp. 2d 1101, 1110 (N.D. Cal. 2007); Worsham v. Travel Options, Inc., No. 14-2749, 2016 U.S. Dist. LEXIS 118774, at *18-19 (D. Md. Sept. 1, 2016); Burdge v. Ass'n Health Care Mgmt., Inc., No. 1:20-cv-0100, 2011 U.S. Dist. LEXIS 9879, at

*10 (S.D. Ohio Feb. 2, 2011).  The regulations are instead procedural standards, ostensibly enforced by the FCC.

Second, the plain language of 47 C.F.R. 64.1200(d) only imposes obligations against those who "initiate any call for telemarketing purposes."  The failure to plead that Defendant initiated calls is Plaintiff's failure to state a claim.  See Benzion v. Vivint, Inc., No. 12-cv-61826, 2014 U.S. Dist. LEXIS 187275, at *16-17 (S.D. Fla. Jan. 17, 2014) ("A plain reading of § 64.1200(d) reveals that any cause of action under it must include allegations that the consumer received a phone call from the telemarketer when the telemarketer did not have proper procedures in place to make such a phone call.").

Third, Plaintiff's own allegations preclude him from bringing a 47 C.F.R. 64.1200(d) claim.  The provision's plain language is limited to calls made to a "residential telephone subscriber."  As noted above, Plaintiff asserts he received calls on his cell phone—which is distinct from a "residential" line.  Gager v. Dell Fin. Servs., LLC, 727 F.3d 265, 273 (3d Cir. 2013); Levy v. Receivables Performance Mgmt., LLC, 972 F. Supp. 2d 409, 417-18 (E.D.N.Y. 2013).

### III.  GIVEN THAT PLAINTIFF HAS ALREADY HAD THREE OPPORTUNITIES TO PLEAD A TCPA CLAIM, ANY DISMISSAL ORDER SHOULD BE GRANTED WITH PREJUDICE.

Plaintiff has thrice failed to plead a viable TCPA claim.  The SAC should therefore be dismissed with prejudice.  See, e.g., Megatel Mobile, LLC v. Tracfone Wireless, Inc., No. 17-3837, 2018 U.S. Dist. LEXIS 147315, at *4 (D.N.J. Aug. 29, 2018) (dismissing certain claims with prejudice "because amendment for some of Plaintiff's claims would be futile"); Piscopo v. Public Serv. Elec. & Gas Co., No. 13-552, 2015 U.S. Dist. LEXIS 82982, at *17 (D.N.J. June 25,

2015) ("Plaintiff has already had two opportunities to amend his complaint."). If Plaintiff knew of TCPA-worthy allegations, he would have pled them by now.

## CONCLUSION

For the reasons set forth herein, Defendant respectfully requests this Court grant its motion to dismiss the SAC.

Dated: Florham Park, New Jersey
July 14, 2019

SCHENCK, PRICE, SMITH & KING, LLP

By:     s/ Thomas J. Cotton
          Thomas J. Cotton

220 Park Avenue, P.O. Box 991
Florham Park, NJ 07932-0991
Telephone: (973) 539-1000
Fax: (973) 540-7300

tjc@spsk.com

*Attorneys for Defendant,*
*Pro Custom Solar LLC d/b/a Momentum Solar*