

*Serving Our Clients and Community
For Over 100 Years*

**THOMAS J. COTTON**
*Admitted in NJ & NY*

Direct Line: 973-540-7333
Email: tjc@spsk.com

220 Park Avenue
PO Box 991
Florham Park, NJ 07932
Telephone: 973-539-1000
Fax: 973-540-7300
www.spsk.com

August 6, 2019

<u>Via ECF</u>
Hon. Steven C. Mannion, U.S.M.J.
Martin Luther King Building & U.S. Courthouse
Courtroom MLK 2B
50 Walnut Street
Newark, NJ 07101

  **Re:**  **<u>Niemczyk v. Pro Custom Solar LLC</u>**
     **Docket No. 2:19-cv-7846-ES-SCM**
     **Our File No. 28369-41**
     *Requesting Leave for Motion to Stay Discovery [Filed Jointly]*

Dear Judge Mannion:

  This firm represents Pro Custom Solar LLC d/b/a Momentum Solar ("Defendant") in the above-referenced matter.  Defendant respectfully submits this correspondence to request leave for filing a motion to stay discovery.  The requested stay would run during the pendency of Defendant's pre-answer motion to dismiss the second amended complaint of plaintiff Thomas Niemczyk ("Plaintiff").  This is a joint submission, as it includes Plaintiff's position with respect to Defendant's request.

**DEFENDANT'S POSITION**

### BACKGROUND

  Plaintiff alleges that Defendant violated the Telephone Consumer Protection Act ("TCPA") and its related regulations.  Plaintiff filed his initial complaint on March 5, 2019.  He has twice amended his complaint during the period that followed, filing his second amended complaint on June 10, 2019.

  Defendant timely filed a pre-answer dismissal motion on July 14, 2019.  The dismissal motion is set for a September 16, 2019 return date.

  On July 17, 2019, this Court set preliminary discovery deadlines that include the following: (1) the parties must conduct a Rule 26 conference by September 13, 2019; (2) the parties must file a joint discovery plan by September 19, 2019; and (3) the Court will conduct a Rule 16 conference on September 27, 2019.



The parties conferred in good faith in an effort to resolve this issue. Unfortunately, the parties could not reach agreement on staying discovery during the dismissal motion's pendency.

## DISCUSSION

All factors that inform the staying of discovery favor a stay in this matter, to allow for disposition on Defendant's dispositive motion. "The Court must balance a number of factors" when evaluating good cause for a stay, "including: (1) whether a stay would unduly prejudice or present a clear tactical advantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set." Shire US, Inc. v. Allegan, Inc., No. 17-cv-7716, 2018 U.S. Dist. LEXIS 98259, at *2 (D.N.J. June 8, 2018).

First, there is no prejudice that Plaintiff would suffer from this stay. The only "harm" that Plaintiff can even hope to identify is the time between the stay's issuance and the dismissal motion's disposition—assuming the disposition is short of dismissal. "However, 'delay in resolving [a] dispositive motion does not, without more, establish that undue prejudice will result from issuance of a stay.'" Galarza v. Whittle-Kinard, No. 16-cv-0764, 2017 U.S. Dist. LEXIS 75981, at *5 (D.N.J. May 18, 2017) (quoting Actelion Pharms., Ltd. v. Apotex Inc., No. 12-cv-5746, 2013 U.S. Dist. LEXIS 135524, at *4 (Sept. 6, 2013)).

Second, denying the stay would cause Defendant to suffer hardship and inequity. There is the very real possibility that this litigation will end upon this Court's review of Defendant's pre-answer motion. That decision will render wasteful any discovery conducted in the interim, discovery that is likely to be costly and burdensome given Plaintiff seeks class certification.

Third, Plaintiff cannot dispute that a stay would simplify this litigation. Allowing discovery to proceed leaves the parties blind as to what issues, if any, will survive the pre-answer dismissal motion. In addition to requesting outright dismissal of all claims, Defendant's motion attacks discrete, specific theories advanced by Plaintiff. Neither the parties nor this Court should be tasked with pivoting the discovery approach because of the decision on Defendant's motion.

Fourth and finally, this case is in its infancy and thus well-suited for a stay during the pendency of a dispositive motion. Compare Galarza, 2017 U.S. Dist. LEXIS 75981, at *7 (finding favor with a discovery stay because "[d]iscovery is truly in its infancy stage") with Kiley v. Tumino's Towing, Inc., No. 2:18-cv-3165, 2019 U.S. Dist. LEXIS 97350, at *4 (D.N.J. June 10, 2019) (finding disfavor with a discovery stay because the non-movant had been "actively litigat[ing] this case for over a year"). The parties have not commenced discovery, have not conducted a Rule 26 conference, and have not appeared for a Rule 16 conference. Meanwhile, the parties are briefing the dispositive motion and its return date comes earlier than the first-scheduled conference.



**CONCLUSION**

For the reasons set forth herein, Defendant respectfully requests leave to submit a formal motion seeking the stay of discovery during the pendency of Defendant's pre-answer dismissal motion.

**PLAINTIFF'S POSITION**

**INTRODUCTION**

Plaintiff, Thomas Niemczyk, individually and as a class representative for all others similarly situated brings this action against Defendant, Pro Custom Solar LLC doing business as Momentum Solar ("Momentum" or "Defendant") for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") for unsolicited telemarketing calls made by or on behalf of Defendant.  Second Amended Complaint ("SAC"), ¶ 1. Plaintiff alleges that Momentum, who is in the business of selling and installing solar panels and related equipment, regularly makes autodialed telephone calls to consumers in order to market its services ("robocalls"). Id. at ¶¶ 12-13. Over the years Plaintiff has received many robocalls by or on behalf of Momentum to his cellular phone number. SAC, ¶ 16. On November 28, 2017, Momentum advised Plaintiff that his cellular phone number was placed on Momentum's IDNC list. Id., ¶ 22. Despite being placed on its IDNC list, Plaintiff continued to receive numerous robocalls to his cellular telephone.  On February 11, 2019, Defendant initiated another marketing robocall purportedly from (516) 231-9620 (as identified on Caller ID ) to Plaintiff's cellular phone using an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1). SAC, ¶ 23.

In its request seeking leave to file a motion to stay discovery, Defendant now takes the unusual, and legally unsupportable step of asking the Court to stay discovery. But "[t]he stay of a civil case is an extraordinary remedy and not favored." *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936); *see also Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.,* 7 F.Supp.2d 523, 526 (D.N.J.1998). Moreover, "it is well settled that the mere filing of a dispositive motion does not constitute 'good cause' for the issuance of a discovery stay." *Gerald Chamales Corp. v. Oki Data Ams., Inc.*, 247 F.R.D. 453, 454 (D.N.J. 2007).  Here, defendant's request should be denied because it cannot possibly demonstrate the requisite "good cause" to stay discovery.

**DISCUSSION**

**A. Discovery Stays Are Disfavored And Require A Showing Of Good Cause**

Defendant cannot meet its burden of showing good cause as discovery stays are considered "extraordinary remedies" and are "not favored" in this Circuit.  Stays are disfavored because, among other concerns, they delay justice to the plaintiff, create case management problems, and



create the risk that evidence will disappear and witnesses' memories will erode over time. *See Udeen v. Subaru of America, Inc.* --- F.Supp.3d ---, 2019 WL 1173022 (D.N.J. Mar. 12, 2019); *Coyle v. Hornell Brewing Co.*, No. 08-CV-2797, 2009 WL 1652399, at *3 (D.N.J. June 9, 2009); *Worldcom Technologies, Inc. v. Intelnet Int'l, Inc.*, No. 00–2284, 2002 WL 1971256, at *6 (E.D.Pa. Aug.22, 2002); *Coca-Cola Bottling Co. v. Grol*, No. 92-7061, 1993 WL 13139559 (E.D. Pa. Mar. 3, 1993).

Defendant's only reason for requesting a stay is the pendency of its *Rule* 12 motion, but "it is well settled that the mere filing of a dispositive motion does not constitute 'good cause' for the issuance of a discovery stay." *Gerald Chamales*, 247 F.R.D. at 454 (citing *Chesney v. Valley Stream Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006)). Because a discovery stay implicates many competing concerns, a stay will not be granted absent a showing of "good cause," which requires a balancing of the interests of the parties, the interest of the court, and the public interest in a just, speedy, and efficient adjudication of the claims. *See Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980) (setting forth balancing factors). As Defendant cannot demonstrate good cause, its request should be denied and discovery should proceed.

### B. Plaintiff's Claims Are Not Likely To Be Dismissed

A party seeking a stay pending a decision on a motion to dismiss must make "a strong showing that the plaintiff's claim is unmeritorious." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (citing *Telesca v. Long Island Hous. P'ship, Inc.,* 2006 WL 1120636, at *1 (E.D.N.Y. Apr. 27, 2006)). Defendant's motion to dismiss is likely to be denied, and thus, this factor militates against a stay of discovery.

First, "motions to dismiss are denied far more often than they are granted" and thus, "[f]rom a purely statistical standpoint, the extended delay normally is not justified." *SOLIDFX, LLC v. Jeppesen Sanderson, Inc.*, No. 11-cv-01468, 2011 U.S. Dist. LEXIS 101787, at *6 (D. Colo. Sept. 8, 2011).

Second, Defendant is not likely to succeed on its motions to dismiss because Plaintiff has adequately pled violations of the TCPA. Plaintiff's opposition to the motion to dismiss is not due until next week. However, as a plain reading of the SAC demonstrates, Plaintiff's allegations are plainly sufficient. Instead of denying the underlying allegations, Defendant resorts to misconstruing Plaintiff's Complaint and inventing pleading requirements that do not exist. In short, Defendant's arguments for dismissal are weak and unlikely to succeed, which militates against a stay of discovery.

Third, even if Defendant's motion to dismiss was granted—which is highly unlikely—Third Circuit precedent requires that Plaintiff be granted leave to amend the Complaint in accordance with the Court's decision. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). Thus, even if the Court determines that any of the causes of action require additional detail, Plaintiff will



be allowed to amend the Complaint. Accordingly, it is not reasonable for Defendant to argue that discovery should continue to be stayed pending the decision on an anticipated second motion to dismiss, which may not be decided until well into next year. In short, a stay of discovery will do nothing but delay the start of discovery, resulting in prejudice to the Plaintiff and the putative class.

### C. Plaintiff Will Be Prejudiced By A Stay

A primary factor that the Court must consider in determining whether the extraordinary remedy of a stay is appropriate is "the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay." *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 527 (D.N.J. 1998). Defendant's proposed stay is wholly open-ended, and is likely to last far longer than suggested. Experience (and the current judge shortage) suggests that a decision on Defendant's dispositive motion could take many months.

"[D]elay creates the risk of prejudice to plaintiffs in the form of lost evidence, fading memories, and potentially dissipating assets to pay any judgment that plaintiffs might secure." *Worldcom Techs., Inc. v. Intelnet Int'l, Inc.*, No. CIV.A. 00-2284, 2002 WL 1971256, at *6 (E.D. Pa. Aug. 22, 2002). Plaintiff is also concerned about loss of evidence including evidence from third parties. *See, e.g., Shim v. Kikkoman Int'l Corp.*, 509 F. Supp. 736, 740 (D.N.J.), aff'd, 673 (F.2d 1304 (3d Cir. 1981). But without obtaining discovery from Defendant, Plaintiff cannot even determine the identities of all relevant third parties, and thus will be unable to ensure that relevant information is retained. In short, the longer that discovery in this case is delayed, the greater the likelihood that evidence will be inadvertently destroyed or lost and that witnesses' memories will fade.

### D. Defendant's Claims Of Burden Are Insufficient

"The party seeking a stay 'must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay . . . will work damage to some one else.'" *Coyle*, 2009 WL 1652399, at *3 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). A mere "showing that discovery may involve some inconvenience and expense does not suffice to establish good cause." *Turner Broad. Sys. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). Moreover, "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986).

Defendant has failed to even describe a "particular need for protection" that would justify a stay of discovery in this case. *Pearson v. Miller*, 211 F.3d 57, 72 (3d Cir. 2000). Defendant does not offer any competent *evidence*—for example, a declaration from an employee of Defendant regarding the burdens of discovery—substantiating the assertion that it will suffer undue burden in litigating the case during the pendency of the motion to dismiss. To be sure, discovery can be expensive in class actions, but Defendant's conclusory statements regarding the burdens of



Hon. Steven C. Mannion, U.S.M.J.
August 6, 2019
Page 6

discovery do not support the argument that it will incur anything more than normal and reasonable expenses for discovery.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant leave to file a motion to stay discovery.

Respectfully submitted,

SCHENCK, PRICE, SMITH & KING, LLP

s/ Thomas J. Cotton, Esq.
Thomas J. Cotton, Esq.


MAZIE SLATER KATZ & FREEMAN, LLC

s/ Matthew R. Mendelsohn
Matthew Mendelsohn

TJC/s