**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THOMAS NIEMCZYK, individually, and on behalf of a class of similarly situated individuals,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PRO CUSTOM SOLAR LLC, D/B/A MOMENTUM SOLAR<br><br>　　　　　Defendant. | No.: 2:19-cv-7846- ES-SCM<br><br>*Document electronically filed*<br><br><br>**JOINT DISCOVERY PLAN**<br><br>**Rule 16 Conference: September 27, 2019 10:00 a.m.** |

1. **Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.**

**Plaintiff contends:**

Plaintiff, Thomas Niemczyk, individually and as a class representative for all others similarly situated filed this action against Defendant, Pro Custom Solar LLC doing business as Momentum Solar ("Momentum" or "Defendant") alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") for unsolicited telemarketing calls made by or on behalf of Defendant. Plaintiff alleges that Momentum, who is in the business of selling and installing solar panels and related equipment, regularly makes autodialed telephone calls to consumers in order to market its services ("robocalls").

On November 28, 2017, Momentum advised Plaintiff that his cellular phone number was placed on Momentum's IDNC list. Despite being placed on its IDNC list, Plaintiff continued to receive numerous robocalls to his cellular telephone. Throughout 2018, Plaintiff received many robocalls from Momentum and several times was able to speak with its employees who confirmed that he was indeed on their IDNC list and he should not be receiving telephone calls.

On February 11, 2019, Defendant initiated another marketing robocall purportedly from (516) 231-9620 (as identified on plaintiff's Caller ID) to Plaintiff's cellular phone using an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1). SAC, ¶ 23. Like previous robocalls from Momentum, there was a short delay between answering the call and the caller beginning to speak. On this telephone call, the caller initially identified herself as "Lolis with Solar Eligibility Service" and asked Plaintiff a set of "qualifying" questions before a sales agent was joined to the call. Plaintiff was then live-transferred to "Danny Miller" at (732) 902-2550 extension 1457, who identified himself as a Momentum employee. It is unknown at this time

whether Lolis was an employee of Momentum or an agent utilized by Momentum to make the robocalls. The entity "Solar Eligibility Service" does not appear to be an actual company.

**Defendants contends:**

Defendant did not initiate the alleged February 11, 2019 call. The call's initiator (Lolis) was not a Defendant agent, thus Defendant cannot be held vicariously liable. But even if the caller was Defendant or Defendant's agent, the call did not violate the TCPA because the call was not initiated through use of an ATDS.

2. **Have settlement discussions taken place?** Yes ___X____ No _____

Shortly after this case was filed, defendant requested an individual settlement demand. Plaintiff provided that demand on May 17, 2019. Defendant did not respond to the settlement demand and instead file a motion to dismiss the Complaint. Accordingly, plaintiff is no longer interested in discussing an individual settlement at this time.

3. **The parties [have _____ -have not __X__] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.**

As Defendant has advised the Court, it seeks permission to file a motion to stay discovery pending a decision on its motion to dismiss. If the Court denies this request, the parties expect to exchange initial disclosures within 14 days of the Rule 16 conference.

4. **Describe any discovery conducted other than the above disclosures.**

Plaintiff has issued a subpoena to Resource Marketing Corp., LLC, which may have some involvement in the calls to plaintiff.

5. **Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.**

If Defendant's request to stay discovery is denied, it intends to seek bifurcation of discovery, with discovery related only to plaintiff's individual claims first and any dispositive motion related to such individual issues prior to conducting any class discovery. Plaintiff opposes this request, which would unnecessarily require a duplication of efforts and needlessly protract this litigation. Defendant contends that its proposal is the more efficient, cost-effective route for all parties and the Court.

6. **The parties proposed the following:**

   (a) **Discovery is needed on the following subjects:**

**Plaintiff Contends**: Plaintiff contends that class discovery should proceed immediately. Plaintiffs expect that discovery will be needed on the following subjects, among others: (i) identity of putative class members; (ii) the number of calls made to putative class members; (iii) information concerning the hardware and software systems utilized by Defendant to make the calls; (iv) information about any third-party vendors that may have assisted in sending the faxes in question; (v) the elements of Rule 23 (i.e., numerosity, commonality, typicality and predominance); (vi) damages; and (vii) other relevant topics.

**Defendant Contends**: Defendant contends that class discovery should be stayed until Plaintiff's individual claim is evaluated through focused, efficient discovery.  Defendant's proposed approach will potentially eliminate the need for costly class discovery and class-certification applications.

**(b)     Should discovery be conducted in phases? If so, explain.:**

As described above, if Defendant's request to stay discovery is denied, it intends to seek bifurcation of discovery, with discovery related only to plaintiff's individual claims first and any dispositive motion related to such individual issues prior to conducting any class discovery. Plaintiff opposes this request, which would unnecessarily require a duplication of efforts and needlessly protract this litigation.  Defendant contends that its proposal is the more efficient, cost-effective route for all parties and the Court.

**(c)     Number of Interrogatories by each party to each other party:**  __25__

**(d)     Number of Depositions to be taken by each party:**  __10__

**(e)     Plaintiff's expert report due on** TBD.

**(f)     Defendant's expert report due on:** TBD.

**(g)     Motions to Amend or to Add Parties to be filed:** 30 days after the entry of an Order on Defendants' motions to dismiss.

**(h)     Dispositive motions to be served within** __120__ **days of completion of discovery.**

**(i)     Factual discovery to be completed** TBD.

**(j)     Expert discovery to be completed by** __TBD__.

**(k)     Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:**

The parties shall retain and preserve all digital and electronic information in their possession and/or control, with each bearing the cost of preserving and producing all electronic information. The parties agree to discuss e-discovery issues on an ongoing basis, as necessary.  The parties will also request that the Court enter a proposed Protective Order.

       The parties also will negotiate and agree to an ESI and discovery protocol that will dictate how productions must be made.

       **(l)**    **A pretrial conference may take place on** <u>a date to be determined by the Court.</u>

       **(m)**   **Trial by jury or non-jury Trial?** <u>Jury trial.</u>

       **(n)**    **Trial date:** <u>on a date to be determined by the Court</u>.

**7.**    **Do you anticipate any discovery problem(s)?** Yes _____ No \_\_\_X\_\_\_\_
     **If so, explain.**

**8.**    **Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of state witnesses or documents, etc.)?** Yes _____ No \_X\_
     **If so, explain.**

**9.**    **State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).**

     No.

**10.**   **Is this case appropriate for bifurcation?** Yes _____ No _____

    As described above, if Defendant's request to stay discovery is denied, it intends to seek bifurcation of discovery, with discovery related only to plaintiff's individual claims first and any dispositive motion related to such individual issues prior to conducting any class discovery. Plaintiff opposes this request, which would unnecessarily require a duplication of efforts and needlessly protract this litigation.  Defendant contends that its proposal is the more efficient, cost-effective route for all parties and the Court.

**11.**   **We [do \_\_\_\_\_ -do not \_\_X\_] consent to the trial and/or dispositive motions being conducted by a Magistrate Judge.**

Dated:  September 23, 2019

| | |
|---|---|
| **MAZIE SLATER KATZ & FREEMAN, LLC** | **SCHENK, PRICE, SMITH & KING, LLP** |
| By: *s/ Matthew Mendelsohn*<br>    Matthew Mendelsohn, Esq.<br>    103 Eisenhower Parkway<br>    Roseland, NJ  07068<br>    (973) 228-9898<br>    mmendelsohn@mskf.net | By: *s/  Thomas J. Cotton*<br>    Thomas J. Cotton, Esq.<br>    220 Park Avenue<br>    Florham Park, New Jersey 07932-0991<br>    (973) 539-1000<br>    tjc@spsk.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |