**Thomas J. Cotton, Esq.**
SCHENCK, PRICE, SMITH & KING, LLP
220 Park Avenue, P.O. Box 991
Florham Park, New Jersey 07932-0991
(973) 539-1000
*Attorneys for Defendant,*
*Pro Custom Solar LLC d/b/a Momentum Solar*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THOMAS NIEMCZYK, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>PRO CUSTOM SOLAR LLC d/b/a MOMENTUM SOLAR,<br><br>Defendant. | CIVIL ACTION<br><br>No. 2:19-cv-7846<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS DISMISSING, IN PART, PLAINTIFF'S SECOND AMENDED COMPLAINT AND STRIKING CERTAIN CLASS ALLEGATIONS**<br><br>Oral Argument Requested<br><br>Motion Date: May 3, 2021 |

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................................... ii

PRELIMINARY STATEMENT ........................................................................................ 1

PLAINTIFF'S ALLEGATIONS ........................................................................................ 2

PROCEDURAL HISTORY ................................................................................................ 3

LEGAL ARGUMENTS

I.    COUNT ONE SHOULD BE DISMISSED BECAUSE THE U.S.
SUPREME COURT RECENTLY CLARIFIED THAT PLAINTIFF'S
ALLEGATIONS FAIL AS A MATTER OF LAW ........................................... 3

II.    PLAINTIFF'S CLASS ALLEGATIONS IN CONNECTION WITH
HIS "ROBOCALL CLASS" SHOULD BE STRICKEN,
BECAUSE THAT IS NO LONGER A SUSTAINABLE CLASS
IN LIGHT OF THE RECENT U.S. SUPREME COURT DECISION ............. 6

CONCLUSION ................................................................................................................... 7

# **TABLE OF AUTHORITIES**

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ................................................................. 3

*Duguid v. Facebook, Inc.*, No. 15-cv-0985, 2017 U.S. Dist. LEXIS 22562
    (N.D. Cal. Feb. 16, 2017) ............................................................................................ 5

*Facebook, Inc. v. Duguid*, No. 19-511 (slip op.) ............................................................ 4

*JNL Mgmt., LLC v. Hackensack Univ. Med. Ctr.*, No. 18-cv-5221,
    2019 U.S. Dist. LEXIS 74247, at *5-6 (D.N.J. May 2, 2019) ..................................... 3

*Johnson v. Comodo Group, Inc.*, No. 16-cv-4469, 2020 U.S. Dist.
    LEXIS 18033, at *12 (D.N.J. Jan. 31, 2020) ................................................................ 5

*Luppe v. Cheswick Generating Station*, No. 12-cv-0929, 2015 U.S.
    Dist. LEXIS 9791, at *7 (W.D. Pa. Jan. 28, 2015) ...................................................... 7

*Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) ................................................... 3

*McPeak v. S-L Distrib. Co.*, No. 12-cv-0348, 2014 U.S. Dist.
    LEXIS 123728, at *17 (D.N.J. Sept. 5, 2014) ............................................................. 6

*Merino v. Wells Fargo & Co.*, No. 16-cv-7840, 2017 U.S. Dist.
    LEXIS 143628, at *10 (D.N.J. Sept. 6, 2017) ............................................................. 6

*Rolland v. Spark Energy, LLC*, No. 17-cv-2680, 2019 U.S. Dist.
    LEXIS 72713, at *13 n.5 (D.N.J. Apr. 29, 2019) ........................................................ 7

*Zarichny v. Complete Payment Recovery Servs., Inc.*, 80 F. Supp.
    3d 610, 624 (E.D. Pa. 2015) ........................................................................................ 6

**Rules**

Rule 23 ................................................................................................................................ 7

Rule 12(b)(6) ...................................................................................................................... 3

Defendant Pro Custom Solar LLC d/b/a Momentum Solar ("Defendant") respectfully submits this memorandum of law in support of its motion: (1) for judgment on the pleadings, dismissing the first count of the second amended complaint ("SAC") of plaintiff Thomas Niemczyk ("Plaintiff"); and (2) to strike the SAC's class allegations as pertain to Plaintiff's "Robocall Class."

## PRELIMINARY STATEMENT

"For the times they are a-changin."

Just last week, the U.S. Supreme Court clarified a key feature of the Telephone Consumer Protection Act ("TCPA"). The U.S. Supreme Court narrowed the TCPA's definition of automatic telephone dialing system ("ATDS"). This in turn limits the TCPA lawsuits that can be brought under the auspices of unlawful ATDS usage.

This case is one, among many across the country, that can now be narrowed in accordance with the U.S. Supreme Court's directive. Plaintiff respectfully requests that shears be taken to trim the SAC in two discrete areas.

*First*, Plaintiff's ATDS claim (Count One) can now be dismissed. The allegations upon which Plaintiff absolutely relies are allegations that, effective last week, can no longer state a claim. Defendant should therefore be granted judgment on the pleadings.

*Second*, Plaintiff's class allegations that rely upon the prior ATDS definition must be stricken. Plaintiff contends that he can represent, and get certified, a "Robocall Class." On the SAC's face, however, Plaintiff's allegations cannot satisfy the Rule 23 requirements. That is because, given last week's U.S. Supreme Court decision, Plaintiff's "Robocall Class" no longer pleads a viable TCPA claim.

## PLAINTIFF'S ALLEGATIONS

Given this motion is directed to Plaintiff's pleading, all well-pled allegations are accepted as true. Plaintiff's factual allegations, germane to this motion, are summarized below.

On February 11, 2019, Plaintiff received a call on his cellular phone. SAC ¶ 23. Though Plaintiff concludes Defendant "initiated" the call, he immediately contradicts that same conclusion. In that same paragraph Plaintiff alleges the call was initiated by a Solar Eligibility Service representative named Lolis. *Id.* Lolis then transferred Plaintiff to Momentum. *Id.*

Plaintiff alleges that this call, and others he received from Defendant previously, was made via an ATDS. Or more specifically, Plaintiff concludes Defendant used a "predictive dialer." SAC ¶ 60.

> The predictive dialers are an automatic telephone dialing system; no human manually entered the cellular telephone numbers which Defendant called at the time the call was made. Rather, the predictive dialers electronically dialed the Robocall Class Members' cellular telephones in an automated fashion. The predictive dialers are capable of storing, producing, and dialing any telephone number, and are capable of storing, producing, and dialing telephone numbers using a random or sequential number generator.

*Id.* Plaintiff's basis for his "predictive dialer" conclusion is that "there would be a longer than normal delay before the caller would respond and he would sometimes here a call connect to his line by a sudden increase in background noise" when he answered his phone. *Id.* at ¶ 17.

That is the beginning and the end of Plaintiff's ATDS allegations. Plaintiff goes on to contend, however, that he can secure certification of a "Robocall Class," which he defines as, "All persons in the United States who received one or more telemarketing calls to their wireless telephone numbers by or on behalf of Momentum, that were *made using an autodialer* or an

artificial or prerecorded voice, from March 5, 2015 through the date the Court certifies the class." *Id.* at ¶ 45 (emphasis added).

## PROCEDURAL HISTORY

Plaintiff filed his initial complaint on March 5, 2019. *ECF* 1. Thereafter, following a series of amendments, Plaintiff filed the SAC on June 10, 2019. *ECF* 11.

On July 14, 2019, Defendant moved to dismiss the SAC. *ECF* 12. This Court denied Defendant's motion on April 1, 2020, *ECF* 26, and the matter proceeded to discovery.

## LEGAL ARGUMENTS

**I.  COUNT ONE SHOULD BE DISMISSED BECAUSE THE U.S. SUPREME COURT RECENTLY CLARIFIED THAT PLAINTIFF'S ALLEGATIONS FAIL AS A MATTER OF LAW.**

Count One of the SAC now fails to state a claim and it should be dismissed accordingly. "When adjudicating a motion for judgment on the pleading that seeks dismissal for failure to state a clam, the court applies the same standard as under Rule 12(b)(6)." *JNL Mgmt., LLC v. Hackensack Univ. Med. Ctr.*, No. 18-cv-5221, 2019 U.S. Dist. LEXIS 74247, at *5-6 (D.N.J. May 2, 2019). "'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* at *6 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "'In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents.'" *Id.* at *7 (quoting *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)).

Within Count One, Plaintiff alleges that Defendant violated the TCPA by using an unlawful ATDS. The TCPA defines an ATDS as "equipment which has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and

3

(B) to dial such numbers." 47 U.S.C. § 227(a)(1). Plaintiff does not, however, allege that a "random or sequential number generator" is an essential component to Defendant's dialing technology. Quite the opposite. Plaintiff instead alleges that Defendant automatically dials numbers from a stored list. SAC ¶ 60.

The problem with Count One is that, on April 1, 2021, the U.S. Supreme Court ruled that Plaintiff's allegations no longer state a claim for TCPA violation. *Facebook, Inc. v. Duguid*, No. 19-511 (slip op.).

More specifically, the U.S. Supreme Court clarified the TCPA's ATDS definition. *Id.* (slip op. at 5). That clarification narrowed the ATDS definition's scope, *id.*, and Plaintiff's allegations no longer fall within it. As per the U.S. Supreme Court, the "random or sequential number generator" is absolutely necessary to make the dialing technology unlawful. *Id.* (slip op. at 7) ("In sum, Congress' definition of an autodialer requires that in all cases . . . the equipment in question must use a random or sequential number generator."). If the dialing technology merely dials numbers—even if automatically—from a stored list, then it is not an ATDS. *Id.*

The U.S. Supreme Court provided expansive, compelling support for its ruling. First, the need for a random or sequential number generator is a natural conclusion that follows from the TCPA's plain language. *Id.* (slip op. at 5-7). Second, limiting the TCPA to random or sequential calls is more in keeping with Congress's intent. *Id.* (slip op. at 8-9). The goal of the TCPA, per that intent, is to prevent the inscrutable practice of plodding through a number sequence (*i.e.*, 555-555-5555, 555-555-5556, *etc.*). Third, the Court recognized that the broad definition "would capture virtually all modern cell phones," which can harness smartphone applications to automatically message or call the phone's stored contacts. *Id.*

4

The U.S. Supreme Court's clarified, narrow ATDS definition contrasts starkly with Plaintiff's broad ATDS allegations. Plaintiff concedes—expressly—that he is only alleging Defendant used a "predictive dialer," *i.e.*, technology that automatically dials numbers from a stored list. SAC ¶ 60; *see also Johnson v. Comodo Group, Inc.*, No. 16-cv-4469, 2020 U.S. Dist. LEXIS 18033, at *12 (D.N.J. Jan. 31, 2020) (explaining that a "predictive dialer" stores pre-programmed numbers, or receives numbers from a computer database, and then dials them in an efficient manner). In the wake of *Duguid*, crying "predictive dialer" is different from crying "ATDS." Plaintiff's allegation now fails, as a matter of law, to state a TCPA claim. *Duguid* (slip op. at 7).

The U.S. Supreme Court's decision is well-suited for motions that seek judgment on the pleadings. *Duguid* arose from motion practice limited to the pleadings. The U.S. District Court for the Northern District of California had dismissed the plaintiff's complaint, *Duguid v. Facebook, Inc.*, No. 15-cv-0985, 2017 U.S. Dist. LEXIS 22562 (N.D. Cal. Feb. 16, 2017); the Ninth Circuit reversed and reinstated the complaint, *Duguid v. Facebook, Inc.*, 926 F.3d 1146 (9th Cir. 2019); but the U.S. Supreme Court reversed the Ninth Circuit's reversal. *Duguid* (slip op. at 12). The same roadmap can be followed here, though with a more direct route that leads to the same destination: dismissal.

In short, Count One and the U.S. Supreme Court's *Duguid* decision cannot coexist. The former must give way to the latter. For that reason, Plaintiff respectfully requests judgment be granted on the pleadings and Count One be dismissed.

## II. PLAINTIFF'S CLASS ALLEGATIONS IN CONNECTION WITH HIS "ROBOCALL CLASS" SHOULD BE STRICKEN, BECAUSE THAT IS NO LONGER A SUSTAINABLE CLASS IN LIGHT OF THE RECENT U.S. SUPREME COURT DECISION.

Given the U.S. Supreme Court's clarification of the ATDS definition, Plaintiff stands no chance at certifying his "Robocall Class." The allegations in connection with that class should be stricken.

"[A] court may 'grant a motion to strike class action allegations if class treatment on the face of the complaint leaves little doubt they are not viable.'" *Merino v. Wells Fargo & Co.*, No. 16-cv-7840, 2017 U.S. Dist. LEXIS 143628, at *10 (D.N.J. Sept. 6, 2017) (quoting *Zarichny v. Complete Payment Recovery Servs., Inc.*, 80 F. Supp. 3d 610, 624 (E.D. Pa. 2015)). "Indeed, 'class allegations have been dismissed or stricken when it is clear from the face of the complaint that the requirements for maintaining a class action cannot be met.'" *Id.* (quoting *McPeak v. S-L Distrib. Co.*, No. 12-cv-0348, 2014 U.S. Dist. LEXIS 123728, at *17 (D.N.J. Sept. 5, 2014)).

For reasons similar to those discussed above, Plaintiff's "Robocall Class" fails—as a matter of law—to satisfy the Rule 23 requirements. That is because Plaintiff's ATDS claim, upon which his "Robocall Class" claim is based, now fails to state a cause of action. Simply put, Plaintiff does not plead Defendant used an ATDS and Plaintiff is therefore precluded from litigating claims on behalf of his "Robocall Class."

The need to strike Plaintiff's class allegations is related to, but distinct from, the need to dismiss Count One for failure to state a claim. <u>If this Court dismisses Count One</u>, then the litigation will still proceed as to Count Two. The "Robocall Class," which is analogous to Count One but not Count Two, should not continue to linger as a zombie class. <u>If this Court does not dismiss Count One</u>, then it can still strike the "Robocall Class" allegations because motions to dismiss are subjected to more stringent standards than motions to strike. *See Rolland v. Spark*

6

*Energy, LLC*, No. 17-cv-2680, 2019 U.S. Dist. LEXIS 72713, at *13 n.5 (D.N.J. Apr. 29, 2019) (noting that courts are divided on the standard for motions to strike class allegations); *Luppe v. Cheswick Generating Station*, No. 12-cv-0929, 2015 U.S. Dist. LEXIS 9791, at *7 (W.D. Pa. Jan. 28, 2015) ("The Court is persuaded by the reasoning of the Court of Appeals for the Seventh Circuit, as well as that of the vast majority of District Courts in this circuit . . . [that] Plaintiffs must advance a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations.").

In sum, the Supreme Court's recent decision does not just extinguish Count One. The decision also precludes Plaintiff from seeking certification of a class that is saddled with an outdated ATDS definition. Plaintiff's "Robocall Class" should therefore be stricken.

## CONCLUSION

For the reasons set forth herein, Defendant respectfully requests this Court grant its motion: (1) for judgment on the pleadings, dismissing the SAC's first count; and (2) to strike the SAC's class allegations as pertain to Plaintiff's "Robocall Class."

Dated: Florham Park, New Jersey
April 8, 2021

              SCHENCK, PRICE, SMITH & KING, LLP

              By: s/ Thomas J. Cotton
                  Thomas J. Cotton

              220 Park Avenue, P.O. Box 991
              Florham Park, NJ 07932-0991
              Telephone: (973) 539-1000
              Fax: (973) 540-7300

              tjc@spsk.com

              *Attorneys for Defendant,*
              *Pro Custom Solar LLC d/b/a Momentum Solar*