Not for Publication

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **THOMAS NIEMCZYK,** *individually and on behalf of a class of similarly situated individuals*,<br><br>**Plaintiff,**<br><br>v.<br><br>**PRO CUSTOM SOLAR LLC d/b/a MOMENTUM SOLAR,**<br><br>**Defendant.** | **Civil Action No.: 19-7846 (ES) (MAH)**<br><br>**OPINION** |

**SALAS, DISTRICT JUDGE**

This is a putative class action filed by Plaintiff Thomas Niemczyk individually and on behalf of putative class members. Before the Court is Defendant Pro Custom Solar LLC's, d/b/a Momentum Solar, motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("Rule") 12(c) and to strike Plaintiff's "Robocall Class" allegations pursuant to Rule 12(f). (D.E. No. 47). Having considered the parties' submissions, the Court decides the motion without oral argument. Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons set forth below, the Court DENIES Defendant's motion in its entirety.

**I.    BACKGROUND**

Defendant is in the business of selling and installing solar panels. (D.E. No. 11, Second Amended Complaint ("SAC") ¶ 12). Over the years, Plaintiff claims to have received many autodialed telephone calls ("robocalls") on his cellular phone number by or on behalf of Defendant despite having no relationship with or soliciting any business from Defendant. (*Id.* ¶¶ 14–16). Although Defendant advised Plaintiff that he was placed on its Internal Do Not Call ("IDNC") list

1

on November 28, 2017, Plaintiff purportedly continued to receive numerous robocalls to his cell phone, including one on February 11, 2019.  (*Id.* ¶¶ 22–23).

On March 5, 2019, Plaintiff initiated this action alleging violations of the 1991 Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.  (*See* D.E. No. 1).  On June 10, 2019, Plaintiff filed a two-count Second Amended Complaint asserting class allegations on behalf of two classes:

> **Robocall Class:** All persons in the United States who received one or more telemarketing calls to their wireless telephone numbers by or on behalf of [Defendant], that were made using an autodialer or an artificial or prerecorded voice, from March 5, 2015 through the date the Court certifies the class.
>
> **Internal Do Not Call Class ("IDNC Class"):** All persons in the United States who received at least two telemarketing calls to their residential (wireless or landline) telephone number by or on behalf of [Defendant] within any 12-month period at any time from March 5, 2015 through the date the Court certifies the class.

(SAC ¶ 45).

In Count I of the SAC, Plaintiff claims Defendant placed unsolicited marketing calls to Plaintiff and other Robocall Class members using predictive dialers[1] in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).  (SAC ¶ 60).

On July 14, 2019, Defendant filed a motion to dismiss the SAC.  (D.E. No. 12).  After holding a telephonic oral argument on March 27, 2020, the Court denied Defendant's motion. (D.E. Nos. 24–26).  Subsequently, in *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021), the Supreme Court issued a ruling interpreting the statutory term "automatic telephone dialing system."  In the instant motion for judgment on the pleadings and to strike, Defendant argues that

---

[1] Plaintiff defines predictive dialers as "an automatic telephone dialing system . . . capable of storing, producing, and dialing any telephone number" and "capable of storing, producing, and dialing telephone numbers using a random or sequential number generator."  (SAC ¶ 60).

Plaintiff fails to plead a viable TCPA claim under *Duguid* and, accordingly, is precluded from litigating claims on behalf of the Robocall Class. For the reasons discussed below, the Court disagrees with Defendant.

## II.     LEGAL STANDARDS

### A.     Motion for Judgment on the Pleadings

A party may move for judgment on the pleadings after the pleadings are closed. *See* Fed. R. Civ. P. 12(c). When adjudicating a motion for judgment on the pleadings that seeks dismissal for failure to state a claim, the court applies the same standard as under Rule 12(b)(6). *See* Fed. R. Civ. P. 12(h)(2); *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991).

On a motion to dismiss pursuant to Rule 12(b)(6), "[c]ourts are required to accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 215–16 (3d Cir. 2002)). Courts must "determine whether, under any reasonable reading of the complaint, the Plaintiff may be entitled to relief." *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002). However, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts are not required to credit bald assertions or legal conclusions draped in the guise of factual allegations. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3d Cir. 1997). A pleading that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Additionally, in evaluating a plaintiff's claims, generally "a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record." *Jordan v. Fox,*

*Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).  Contradictory factual assertions on the part of defendants must be ignored.  *Burrell v. DFS Servs., LLC*, 753 F. Supp. 2d 438, 440 n.1 (D.N.J. 2010).

      **B.**      **Motion to Strike**

"[T]he authority to strike class allegations stems from Federal Rules of Civil Procedure 12(f), 23(c)(1)(A), and 23(d)(1)(D)." *Bell v. Cheswick Generating Station, Genon Power Midwest, L.P.*, No. 12-0929, 2015 WL 401443, at *2 (W.D. Pa. Jan. 28, 2015).  "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "Relief under Rule 12(f) is generally disfavored and will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." *Goode v. LexisNexis Risk & Info. Analytics Grp., Inc.*, 284 F.R.D. 238, 243 (E.D. Pa. 2012) (internal quotes and citations omitted); *see also Gray v. BMW of North America, LLC*, 22 F. Supp. 3d 373, 386 (D.N.J. 2014) (noting same).

Similarly, motions to strike class allegations from a pleading are "disfavored because a motion for class certification is a more appropriate vehicle for arguments about class propriety." *Gray*, 22 F. Supp. 3d at 386.  Class certification, governed by Rule 23(c), dictates that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). Under Rule 23(d)(1)(D), the court may "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Fed. R. Civ. P. 23(d)(1)(D).

4

### III. DISCUSSION

#### A. Motion for Judgment on the Pleadings as to Count I

Defendant argues that Plaintiff fails to state a claim for relief under the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which states in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any *automatic telephone dialing system* or an artificial or prerecorded voice . . . (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States . . . .

(emphasis added). An "automatic telephone dialing system" is defined as "equipment which has the capacity . . . (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

In *Duguid*, the Supreme Court analyzed the statutory definition of an "automatic telephone dialing system" to determine whether the allegations in the complaint brought pursuant to the TCPA were sufficient to survive a motion to dismiss. 141 S. Ct. at 1167. The Court held that "[t]o qualify as an 'automatic telephone dialing system,' a device must have the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator." *Id.* In reaching that holding, the Court examined Congress's definition of "automatic telephone dialing system," also referred to as an "autodialer," and concluded that "an autodialer requires that in all cases, whether storing or producing numbers to be called, the equipment in question *must* use a random or sequential number generator." *Id.* at 1170 (emphasis added). The Court specifically held that an "autodialer" under § 227(a)(1)(A)

5

"excludes equipment that does not 'us[e] a random or sequential number generator.'" *Id.* at 1171 (alteration in original) (citing 47 U.S.C. § 227(a)(1)(A)).

Defendant argues that pursuant to *Duguid*, Count I must be dismissed because Plaintiff only alleges that Defendant automatically dials numbers from a stored list rather than using a random or sequential number generator. (*See* SAC ¶ 62). Paragraph 62 provides that Defendant "plac[ed] telephone calls to Plaintiff and the other members of the Robocall Class that were automatically dialed by Defendant's telephone system and/or used an artificial or prerecorded voice; made to a cellular telephone number; and not as the result of the Robocall Class Member's transaction with Defendant or its agents." (*Id.*). However, Plaintiff also avers that Defendant automatically dialed cellular telephone numbers using a predictive dialer, which is an "automatic telephone dialing system . . . capable of storing, producing, and dialing any telephone number" and is "capable of storing, producing, and dialing telephone numbers using a random or sequential number generator." (*Id.* ¶ 60; *see also id.* ¶¶ 33 & 34). Accepting these allegations as true, as the Court must on a 12(c) motion, the Court finds that Plaintiff has stated a plausible claim for relief under the TCPA. *See Duguid*, 141 S. Ct. at 1170–71. Moreover, Plaintiff is correct that Defendant may seek to prove that its dialing technology does not use random or sequential number generators at trial; however, that is a factual issue to be explored in discovery, rather than an issue to be decided as a matter of law at this stage. Accordingly, Defendant's motion for judgment on the pleadings as to Count I of the SAC is DENIED.

### B. Motion to Strike "Robo Class" Allegations

First, in moving to strike, Defendant posits that Plaintiff's Robocall Class allegations fail to satisfy the requirements of Rule 23 because Plaintiff has not pled that Defendant employed an automatic telephone dialing system that uses a random or sequential number generator and Plaintiff

6

is therefore precluded from litigating claims on behalf of the Robocall Class. The Court disagrees. For the same reasons discussed above, the motion to strike is not appropriate because the Court has determined that Count I adequately pleads a viable claim for relief. *See* Section III.A., *supra*.

Second, Defendant further argues that even if Count I remains, the Court should strike the allegations on behalf of the Robocall Class because the standard on a motion to strike differs from the standard on a motion to dismiss. "A court should grant a motion to strike class allegations only if the inappropriateness of class treatment is evident from the face of the complaint and from incontrovertible facts." *In re Paulsboro Derailment Cases*, No. 12-7586, 2014 WL 1371712, at *3 (D.N.J. Apr. 8, 2014) (citing *Landsman & Funk PC v. Skinder–Strauss Assocs.*, 640 F.3d 72, 93 n.30 (3d Cir. 2011)); *see also Goode*, 284 F.R.D. at 244 (noting "courts rarely grant motions to strike under Rule 23(d)(1)(D) prior to class discovery . . . doing so only where no amount of additional class discovery will alter the conclusion that the class is not maintainable") (cleaned up); *cf. Robidoux v. Celani*, 987 F.2d 931, 937 (2d Cir. 1993) ("A court is not bound by the class definition proposed in the complaint and should not dismiss the action simply because the complaint seeks to define the class too broadly.").

Here, Plaintiff's putative Robocall Class is defined as those who received telemarketing calls from Defendant using "an autodialer or an artificial or prerecorded voice." (SAC ¶ 45). As discussed above, Plaintiff alleges that the telephone equipment Defendant used to place autodialed calls to Robocall Class members has "the capacity to dial telephone numbers automatically from a stored list or database without human intervention, using a random or sequential number generator." (*Id.* ¶ 34; *see also id.* ¶ 60). Thus, it is not evident from the face of the complaint that the Robocall Class is not maintainable under *Duguid.* Plaintiff alleges that the autodialer employed by Defendant has the capacity to use a random or sequential number generator. Accordingly,

7

Plaintiff's Robocall Class allegations do not provide an appropriate basis for the motion to strike because it is clear from the pleadings that the allegations are not facially deficient.

Third, as Plaintiff notes, Defendant's motion to strike does not comply with the Court's November 26, 2019 Pretrial Scheduling Order.  That Order provides that except for Rule 12(b) motions, motions to seal, or motions to admit an attorney pro hac vice, "[n]o other motions are to be filed without [the Court's] prior written permission,"; "dispositive motions must first be subject to a dispositive motion pre-hearing"; and that "[d]iscovery must be completed prior to the filing of a dispositive motion."  (D.E. No. 20 ¶ 14).  Contrary to what Defendant seems to suggest, the Supreme Court's decision in *Duguid* did not give Defendant license to disregard the Court's Pretrial Order by filing a Rule 12(c) or Rule 12(f) motion.  At minimum, notwithstanding any change in interpretation of the TCPA, Defendant should have sought leave to file a motion to strike outside the parameters of Rule 12(f), which requires that such a motion be filed within 21 days after service of the pleading.  Thus, the motion to strike is improper under both the Pretrial Scheduling Order and Rule 12(f).

Accordingly, Defendant's motion to strike the Robocall Class allegations is DENIED.

### IV. CONCLUSION

For the reasons noted above, the Court DENIES Defendant's motion in its entirety.

Date: March 25, 2022

>                              */s/ Esther Salas*
>                              **Hon. Esther Salas, U.S.D.J.**