UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| THOMAS NIEMCZYK, *individually, and on behalf of a class of similarly situated individuals,* <br> **Plaintiff,** <br><br> v. <br><br> **PRO CUSTOM SOLAR, et al.** <br><br> **Defendants.** | Civil Action No. 19-7846 (ES) (MAH) <br><br> ORDER |

**THIS MATTER** having come before the Court by way of Plaintiff's motion for leave to file a third amended complaint pursuant to Federal Rule of Civil Procedure 15 [D.E. 72];

and it appearing that Plaintiff seeks leave to amend the Second Amended Complaint to add factual details to paragraphs 23, 24, and 28, and to delete paragraph 38 [*see* D.E. 72-2, at ¶¶ 23, 24, 28, 38];

and the Court having considered the parties' submissions [D.E.s 72, 79, 82], the applicable law, and an Opinion and Order filed by the Honorable Esther Salas, United States District Judge, on March 25, 2022 [D.E. 94];

and Federal Rule of Civil Procedure 15(a)(2) providing that after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires;"

and, under Federal Rule of Civil Procedure 15, the decision to amend resting within the sound discretion of the Court, *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Heyl & Paterson Int'l, Inc. v. F. D. Rich Hous. of V.I., Inc.*, 663 F.2d 419, 425 (3d Cir. 1981);

and it being established that leave to amend under Rule 15 "may be denied where there is 'undue delay, bad faith or dilatory motive . . ., undue prejudice to the opposing party by virtue of

allowance of the amendment, [or] futility of the amendment,'" *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (alteration in original) (quoting *Foman*, 371 U.S. at 182);

and it appearing that the deadline for Plaintiff to file "[a]ny motion to add new parties or amend pleadings, whether by amended or third-party complaint" was December 6, 2019 [D.E. 20, at ¶ 13];

and Courts within the Third Circuit having held that "a party seeking to amend the pleadings after the deadline set by the Court must satisfy the requirements of Rule 16(b)(4) – i.e., they must show 'good cause,'" *Nasa Machine Tools Inc. v. FAMA Tech. Inc.*, Civ. No. 18-2872, 2019 WL 7207503, at *2 (D.N.J. Dec. 27, 2019) (quoting *Karlo v. Pittsburgh Glass Works, LLC*, Civ. No. 10-1283, 2011 WL 5170445, at *2 (W.D. Pa. Oct. 31, 2011)). "If there is good cause to amend, the Court will then turn to Rule 15 to determine whether to permit [Plaintiff] to file [his] amended pleading as justice so requires." *Id.* (citing *Home Semiconductor Corp. v. Samsung Electronics Co., Ltd.*, Civ. No. 13-2033, 2019 WL 2135858, at *2 (D. Del. 2019));

and the Court determining that "although neither party referred directly to Rule 16, it plays a role in the instant motion, and the Court will not ignore that Rule," *Karlo*, 2011 WL 5170445, at *2); *see also Grasso v. Consolidated Rail Corp.*, Civ. No. 12-398, 2013 WL 3167761, at *6 (D.N.J. June 20, 2013);

and "good cause" under Federal Rule of Civil Procedure 16 requiring a showing that the delay "stemmed from any mistake, excusable neglect, or any other factor which might understandably account for failure of counsel to undertake to comply with the Scheduling Order," *Fermin v. Toyota Material Handling, USA, Inc.*, Civ. No. 10-3755, 2012 WL 1393074, at *3 (D.N.J. Apr. 23, 2012) (internal citations and quotations omitted);

and the determination of whether good cause exists under Rule 16 hinging "to a large extent on the diligence of the moving party," *Nasa Machine Tools Inc.*, 2019 WL 7207503, at *3 (citing *GlobespanVirata, Inc. v. Texas Instruments, Inc.*, Civ. No. 03-2854, 2005 WL 1638136, at *3 (D.N.J. July 12, 2005)), as "the absence of prejudice to the non-moving party does not constitute 'good cause' under Rule 16," *Korrow v. Aaron's, Inc.*, 300 F.R.D. 215, 220 (D.N.J. 2014);

and it being established that "[i]f a movant had the knowledge necessary to file a motion to amend prior to the expiration of the Court's deadline set forth in the scheduling order, and if the movant can provide no satisfactory explanation for the delay, the Court may, in its discretion, deny the motion," *Nasa Machine Tools Inc.*, 2019 WL 7207503, at *3 (citing *Dimensional Commc'n, Inc. v. OZ Optics, Ltd.*, 148 Fed. App'x. 82, 85 (3d Cir. 2005));

and the Court therefore considering whether "through the exercise of reasonable diligence [the moving party] should have possessed[] the knowledge necessary to file the amended motion before the deadline had expired," *Fermin*, 2012 WL 1393074, at *3;

and Plaintiff having argued that he has not unduly delayed in seeking amendment because "[w]hen [he] filed the initial complaint (as well as the amended complaints), Plaintiff had not yet received discovery that confirmed that an additional 19 calls to Plaintiff were placed by or on behalf of Defendant," [D.E. 72-1, at p. 4]. According to Plaintiff, discovery containing that information was received from one of Defendant's vendors "[i]n October 2019, four months after the operative complaint was filed," [*id.*];

and Plaintiff also having argued that Defendant will not be prejudiced by the proposed amendments because, among other things, Plaintiff "seeks to specify that a prerecorded or artificial voice was played on the February 11, 2019 call – the same call that already forms the foundation of the operative complaint . . . to clarify that he is part of the class he seeks to represent," [*id.* at

3

pp. 5, 7];

and Plaintiff further contending that "[t]he proposed amendments are also not coming so late as to cause any prejudice either, as the parties have not briefed class certification, have not exchanged expert reports, have taken no depositions, and, . . . Defendant has not even produced a single outbound call log concerning calls it made to putative class members or conducted an ESI search,"[1] [D.E. 82, at pp. 5-6];

and it appearing that Defendant Pro Custom Solar ("Defendant") opposes the motion on the ground that Plaintiff's amendments are futile; specifically, because he "seeks to revise his version of the facts (without explanation) and thereby reverse engineer his adequacy for a robocall class" [D.E. 79, at p. 3];

and it further appearing that Defendant opposes the motion because of "Plaintiff's undue delay in seeking amendment" [D.E. 79, at p. 4];

and the Court rejecting Defendant's first argument because it appears Defendant previously raised it in a motion for judgment on the pleadings filed on April 8, 2021 [D.E. 47-1], and that the argument was rejected by District Judge Salas in an Opinion and Order issued on March 25, 2022 [D.E.s 94 & 95];

and the Court further finding that Rule 16 does not bar Plaintiff from amending at this time because Defendant is only now producing written discovery, including its outbound call logs and other materials relevant to the proposed amendments [*see* D.E. 83];

and the Court therefore determining that there is sufficient good cause under Rule 16(b)(4)

---

[1] The Court notes that Plaintiff's motion for leave to file a Third Amended Complaint was filed on January 27, 2022.  [D.E. 72].  On February 22, 2022, Defendant was ordered to "produce all outbound call logs from March 5, 2015 through the date of production, including all calls that it made itself and all calls that were 'live transferred' from a vendor . . . by March 31, 2022." [D.E. 83, at p. 1].

4

for the Court to grant leave for Plaintiff to amend;

and the Court also determining that Plaintiff's motion to amend should be granted under Rule 15 because it does not appear that permitting the limited factual amendments would cause undue delay or undue prejudice, that Plaintiff had a dilatory motive in proposing the amendments, or that the amendments would be futile;

and the Court concluding, in light of the foregoing, that there is good cause to grant Plaintiff's motion to amend the Complaint [D.E. 72];

**IT IS on this 28th day of March 2022,**

**ORDERED** that Plaintiff's motion for leave to file a Third Amended Complaint [D.E. 72] is **GRANTED**; and it is further

**ORDERED** that Plaintiff shall file his Third Amended Complaint on or before **April 18, 2022.**

*s/ Michael A. Hammer*
**Hon. Michael A. Hammer**
**United States Magistrate Judge**