# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| THOMAS NIEMCZYK, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>PRO CUSTOM SOLAR LLC, d/b/a MOMENTUM SOLAR<br><br>Defendant. | Civil Action No. 2:19-cv-7846-ES-MAH<br><br>[~~PROPOSED~~] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT |
| HERBERT WALTERS, RICK HILL, and BARRY WOLFORD, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>PRO CUSTOM SOLAR LLC, d/b/a MOMENTUM SOLAR<br><br>Defendant. | Civil Action No. 2:22-cv-00247-ES-MAH |

WHEREAS, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the parties seek entry of an order finally approving the settlement of this action pursuant to the Settlement Agreement (the "Settlement Agreement" or "Agreement"), which, together with its attached exhibits, sets forth the terms and conditions for a proposed Settlement of the Action and dismissal of the Action with prejudice; and

WHEREAS, the Court having read and considered the Agreement and its exhibits, and

1

2:19-cv-7846-ES-MAH; 2:22-cv-00247-ES-MAH

Plaintiffs' Motion for Final Approval, Plaintiffs' motion is **GRANTED**.

**IT IS HEREBY ORDERED** as follows:

1. This Order incorporates by reference the definitions in the Agreement, and all terms used in this Order shall have the same meanings as set forth in the Agreement.

2. This Court has jurisdiction over this litigation, Thomas Niemczyk, Rick Hill, and Barry Wolford ("Plaintiffs"), all Settlement Class Members, Defendant Pro Custom Solar, LLC d/b/a Momentum Solar ("Momentum" or "Defendants"), and any party to any agreement that is part of or related to the Settlement.

3. Without in any way affecting the finality of this Final Approval Order, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Approval Order, and for any other necessary purpose.

4. On January 2, 2025, the Court granted preliminary approval to the proposed class action settlement set forth in the Settlement Agreement and Release between Plaintiffs and Momentum. The Court also provisionally certified the Settlement Class for settlement purposes, approved the procedure for giving Class Notice to the members of the Settlement Class, and set a Final Approval Hearing to take place on August 18, 2025, at 10:00 a.m.

5. On August 18, 2025 at 10:00 a.m., the Court held a duly noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate; (2) whether a judgment should be entered dismissing the Plaintiffs' Complaint with prejudice and against all persons or entities who are Settlement Class Members herein who have not requested exclusion from the Settlement Class; and (3) whether and in what amount to award counsel for the Settlement Class as Attorneys' Fees and Expenses and whether and in what amount to award Service Awards to Plaintiffs.

Case 2:19-cv-07846-MAH   Document 179   Filed 08/18/25   Page 3 of 6 PageID: 1695
Case 2:19-cv-07846-MAH   Document 171-4   Filed 07/14/25   Page 3 of 6 PageID: 1649

2:19-cv-7846-ES-MAH; 2:22-cv-00247-ES-MAH

6. The Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of this litigation (the "Action") and of the strengths and weaknesses of their respective positions. The Settlement Agreement was reached after the Parties had engaged in substantial negotiations spanning several months, and extensive settlement discussions and after the exchange of information, including information about the size and scope of the Settlement Class. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, considering the expense, risk, and uncertainty of protracted litigation.

7. The Court finds that the prerequisites for a class action under Federal Rule of Civil Procedure 23 have been satisfied for settlement purposes for each Settlement Class Member in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs have and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

8. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby finally certifies the Settlement Class, as identified in the Settlement Agreement: all persons in the United States who received two or more telemarketing Calls from Momentum or on behalf of Momentum within a 365 day period from March 5, 2015 through January 2, 2025. The Settlement

Case 2:19-cv-07846-MAH   Document 179   Filed 08/18/25   Page 4 of 6 PageID: 1696
Case 2:19-cv-07846-MAH   Document 171-4   Filed 07/14/25   Page 4 of 6 PageID: 1650

2:19-cv-7846-ES-MAH; 2:22-cv-00247-ES-MAH

Class excludes the following: (a) any members of the judiciary to whom this case is assigned, their families and members of their staff; (b) any former customer of Momentum, and (c) any persons who validly and timely submitted Requests for Exclusion in the manner provided in the Settlement Agreement.

9. The Court finally appoints Matthew Mendelsohn of Mazie Slater Katz & Freeman, LLC, Yeremey Krivoshey of Smith Krivoshey, PC, and Joseph I. Marchese of Bursor & Fisher, PA, as Class Counsel for the Settlement Class.

10. The Court finally designates Thomas Niemczyk, Rick Hill, and Barry Wolford as the Class Representatives.

11. The Court makes the following findings on notice to the Settlement Class:

    a.    The Court finds that the distribution of the Class Notice, as provided for in the Settlement Agreement, (i) constituted the best practicable notice under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of, among other things, the pendency of the Action, the nature and terms of the proposed Settlement, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of due process.

    b.    The Court finds that the Class Notice and methodology set forth in the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order (i) constitute the most effective and practicable notice of the Final Approval Order, the relief available to Settlement Class Members pursuant to the Final Approval Order, and applicable

Case 2:19-cv-07846-MAH    Document 179    Filed 08/18/25    Page 5 of 6 PageID: 1697
Case 2:19-cv-07846-MAH    Document 171-4    Filed 07/14/25    Page 5 of 6 PageID: 1651

2:19-cv-7846-ES-MAH; 2:22-cv-00247-ES-MAH

time periods; (ii) constitute due, adequate, and sufficient notice for all other purposes to all Settlement Class Members; and (iii) comply fully with the United States Constitution, the Rules of this Court, and any other applicable laws.

12. The Settlement Agreement is finally approved in all respects as fair, reasonable and adequate. The terms and provisions of the Settlement Agreement, including all Exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

13. The Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions. The Administrator is directed to provide Claim Settlement Payments to those Settlement Class Members who submit valid, timely, and complete Claims.

14. Plaintiffs' request for an award of attorneys' fees, reimbursement of expenses and service awards for the Class Representatives are addressed in a separate Order.

15. Upon entry of this Final Approval Order, all members of the Class who did not validly and timely submit Requests for Exclusion in the manner provided in the Settlement Agreement shall, by operation of this Final Approval Order, have fully, finally and forever released, relinquished and discharged Defendant and the Released Parties from the Released Claims as set forth in the Settlement Agreement.

16. Furthermore, all members of the Class who did not validly and timely submit Requests for Exclusion in the manner provided in the Settlement Agreement are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting or continuing, either directly or in any other capacity, either individually or as a class, any action or proceeding in any court, agency, arbitration, tribunal

Case 2:19-cv-07846-MAH   Document 179   Filed 08/18/25   Page 6 of 6 PageID: 1698
Case 2:19-cv-07846-MAH   Document 171-4   Filed 07/14/25   Page 6 of 6 PageID: 1652

2:19-cv-7846-ES-MAH; 2:22-cv-00247-ES-MAH

or jurisdiction, asserting any claims released pursuant to the Settlement Agreement, or seeking an award of fees and costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from the Action or that could have been brought in the Action and/or as a result of or in addition to those provided by the Settlement Agreement.

17. The terms of the Settlement Agreement and of this Final Approval Order, including all Exhibits thereto, shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits maintained by Plaintiffs and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

18. The Releases, which are set forth in the Settlement Agreement and which are also set forth below, are expressly incorporated herein in all respects and are effective as of the date of this Final Approval Order; and the Released Parties (as that term is defined in the Settlement Agreement) are forever released, relinquished, and discharged by the Settlement Class Members (as set forth in the Settlement Agreement) from all released claims (as set forth in the Settlement Agreement).

19. This Action, including all individual claims and class claims presented herein, is hereby dismissed on the merits and with prejudice against Plaintiffs and all other Settlement Class Members, without fees or costs to any party except as otherwise provided herein. Finding that there is no just reason for delay, the Court orders that this Final Approval Order shall constitute a final judgment.

IT IS SO ORDERED on this 18th day of August, 2025.

HON. MICHAEL A. HAMMER, U.S.M.J.

6